Tagged Opinion



**ORDERED in the Southern District of Florida on December 12, 2006.**

_____
**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re | CASE NO. 06-13801-BKC-LMI |
| BELTWAY MEDICAL, INC., | CHAPTER 11 |
| Debtor. | |

**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE CLAIM STATUS TO POST-PETITION ATTORNEY'S FEES AND EXPENSES INCURRED BY <u>COUNSEL FOR LANDLORD SEAGIS DEERWOOD, LLC</u>**

This matter came before the Court on Motion of Seagis Deerwood, LLC, for Order (I) Directing Payment of Administrative Rent and (II) Compelling Debtor to Assume or Reject Real Property Lease (CP #19)(the "Motion"). The Court has already entered an Order on the Motion granting the request of Seagis Deerwood, LLC, (the "Landlord") for payment of post-petition administrative rent. In addition, the Landlord seeks administrative claim status for, and the immediate payment of, attorney's fees and expenses incurred by its counsel post-petition. For the reasons set forth below, the request is granted in part and denied in part.

## FACTS

The Debtor is in the business of assembling belt equipment for medical devices. On or about March 11, 2005, the Debtor entered into a Business Property Lease (the "Lease") with Deerwood Business Park, L.C.[1] for the rental of warehouse property located in Miami, Florida. The Debtor fell behind in the rent and the Landlord sued for eviction and payment of back rent owed under the Lease.

The Debtor filed for protection under Chapter 11 of the Bankruptcy Code on August 10, 2006 (the "Petition Date"). The Landlord filed the Motion on August 25, 2006 alleging that the Debtor had failed to pay the rent due on and after the Petition Date. In addition to seeking the immediate payment of rent and compelling assumption or rejection of the Lease, the Landlord sought immediate payment of attorney's fees and costs "incurred by Landlord to enforce the terms of the Lease."

On September 13, 2006, this Court entered its Order on Motion of Seagis Deerwood, LLC, for Order (I) Directing Payment of Administrative Rent and (II) Compelling Debtor to Assume or Reject Real Property Lease (CP #32). The Order directed the Debtor to pay all post-petition rent obligations arising out of the Lease. The Court took under advisement the issue of whether attorney's fees and expenses incurred by counsel for the Landlord are entitled to administrative priority and payment.

Paragraph 21 of the Lease (the "Attorney Fee Provision") states:

**Tenant [the Debtor] agrees to pay all costs and expenses of collection and reasonable attorney's fees and court costs on any part of said rental that may be collected by an Attorney [sic], suit, distress, or foreclosure.**

---

[1] The original landlord was Deerwood Business Park, L.C. The Motion identified the Seagis Deerwood, LLC as successor in interest to Deerwood Business Park, L.C.

The Lease does not describe the attorney fee obligation as additional rent under the Lease.

On September 13, 2006, the Landlord filed its Notice of Filing Summary of Post-Petition Attorneys' Fees and Expenses Incurred by Counsel for Landlord Seagis Deerwood, LLC (CP #31) (the "Summary"). The Summary lists fees and expenses incurred by the Landlord's counsel from the Petition Date through September 7, 2006, including work done in preliminary review of the case, in connection with the Landlord's pursuit of post-petition administrative rent, in relation to the Debtor's motion for the use of cash collateral, and in relation to assumption or rejection of the Lease. The total amount of fees and expenses reflected in the Summary is seven thousand one hundred seventy-two dollars and twenty five cents ($7,172.25).

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).

## DISCUSSION

The issue before the Court is whether, and to what extent, the Landlord is entitled to an administrative expense claim for attorney's fees and expenses incurred by the Landlord's counsel, and when such claim, if any, should be paid.

### I.    ADMINISTRATIVE PRIORITY

11 U.S.C. §365(d)(3) requires a trustee (or debtor-in-possession) to "timely perform all the obligations of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." While any debate as to whether this Bankruptcy Code section requires post-petition rent to be paid as an administrative expense has been resolved, for the most

3

part, in favor of administrative priority, *see, e.g., CIT Communications Finance Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.)*, 406 F.3d 229 (4th Cir. 2005); *In re CHS Electronics, Inc.*, 265 B.R. 339 (Bankr. S.D. Fla. 2001)**,** the debate rages on whether the trustee's obligation of timely performance includes payment of other amounts that may be due under a nonresidential lease, such as late charges or attorney's fees and costs.  Furthermore, even courts that have recognized the trustee's obligation to pay at least some such charges as an administrative expense (the majority view), have not agreed on when these expenses should be paid.

In *In re Midway Airlines Corp.,* the United States Court of Appeals for the Fourth Circuit held that the landlord or lessor is entitled to recover payments due under the lease such as attorney's fees, late fees, and interest as administrative expenses if the trustee's obligation has not been performed, or has not been modified by the court.  406 F.3d at 236.    Bankruptcy courts have also interpreted the section 365(d)(3) mandate to "perform all obligations" to include attorney's fees authorized by a lease.  *See In re Revco D.S., Inc.,* 109 B.R. 264 (Bankr. N.D. Ohio 1989); *In re Narragansett Clothing Co.,* 119 B.R. 388 (Bankr. D. R.I. 1990); *In re MS Freight Distribution, Inc.,* 172 B.R. 976 (Bankr. W.D. Wash. 1994); *In re Geonex Corp.,* 258 B.R. 336 (Bankr. D. Md. 2001).  In *In re MS Freight Distribution, Inc.,* the court concluded that section 365(d)(3) required a trustee to fulfill all obligations of the debtor under the lease during the sixty (60) days prior to assumption or rejection, noting  "[t]o the extent the lease … requires the payment of interest, late fees and attorney's fees and costs, [the landlord] may recover those amounts."  *Id.* at 979; *see also In re Pacific Sea Farms, Inc.,* 134 B.R. 11 (Bankr. D. Haw. 1991).

A minority of courts have declined to extend administrative priority to attorney's fees incurred prior to assumption or rejection of a lease.  In *In re Pudgie's Dev. of N.Y., Inc.,* 202 B.R.

4

832 (Bankr. S.D. N.Y. 1996), the lease in question provided that counsel fees incurred to enforce the lease were to be considered part of the rent.  The court nevertheless denied administrative priority to the landlord's attorney fee request and reasoned:

> Given the fact that section 365(d)(3) mandates a departure from the normal priority of claims, it should be strictly construed.  While the statutory obligation of "timely" performance is unambiguous with respect to rent, the obligation with respect to counsel fees is not.  The language employed in section 365(d)(3) suggests a Congressional purpose to grant landlords a preferred position with respect to those obligations arising under the lease in a contractually determined time frame … [which] makes sense in the context of rent obligations; it does not with respect to an obligation to pay attorney's fees, which may fortuitously arise before or after the time period in question.

*In re Pudgie's Dev. of N.Y., Inc.,* 202 B.R. at 837.  The Court rejects this view.

The legislative history of section 365(d)(3) illustrates Congress' intent to fully compensate landlords during the first sixty (60) days of a bankruptcy case, or such longer time as an extension is granted, while the trustee or debtor-in-possession preserves its right to assume or reject the lease.  *In re Pacific Sea Farms*, 134 B.R. at 14.  Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation.  This result is not inconsistent with the findings of other bankruptcy courts.  *See, e.g., In re Exchange Resources, Inc.,* 214 B.R. 366 (Bankr. D.Minn. 1997); *Cf. In re Food Etc., LLC,* 281 B.R. 82 (Bankr. S.D. Ala. 2001)(court allowed reasonable attorney's fees to equipment lessor in case involving the similar language of §365(d)(10)).

However, the landlord's entitlement to an administrative priority claim is limited first, to those attorney's fees and expenses, if any, authorized under the lease, s*ee Cukierman v. Uecker*

*(In re Cukierman),* 265 F.3d 846 (9th Cir. 2001)(holding that a threshold question that must be resolved prior to determination of whether attorney's fees and expenses may be entitled to administrative priority, is what are the obligations of the lease), and, second, to fees and expenses incurred as a result of the trustee's or debtor-in-possession's failure to pay post-petition rent, rather than all fees and expenses incurred by a landlord in connection with a tenant's bankruptcy. In *Alvarado v. Walsh* (*In re LCO Enterprises, Inc.),* 180 B.R. 567 (9th Cir. B.A.P. 1995), a landlord sought to recover attorney's fees incurred in defense of a preference action brought by the Chapter 11 trustee. The court recognized that attorney's fees are recoverable if linked to litigation enforcing the contract, but denied the landlord's request as the preference litigation was based wholly in bankruptcy law. "Absent bad faith or harassment, attorneys' fees are not available for the litigation of federal bankruptcy issues under a contract which provides for attorneys' fees for enforcement of the contract." *Id.* at 571. In *In re Geonex Corp.,* the court considered a lease which obligated the debtors to "pay and indemnify [the landlord] against all legal costs and charges, including attorney's fees, … lawfully and reasonably incurred in obtaining possession of the Leased Premises after default of [the debtors] or upon expiration or earlier termination of the term of this Lease or in enforcing any covenant or agreement of [the debtor] …." 258 B.R. at 340. The court found the lease provision was broad enough to encompass attorney's fees incurred for representation of the landlord in "the claims process, including two appeals … and additional expenses after remand, including the preparation of briefs and appearance at a hearing." *Id.* at 341. C*f. In re Cukierman* 265 F.3d at 852 (Section 365(d)(3) only applies to obligations that have arisen under the lease until it is assumed or rejected. There was no obligation to pay attorney's fees at the time the lease was rejected where

"no action or proceeding had been brought to enforce the terms of the lease or to declare the parties [sic] respective rights …").

Moreover, any request for attorney's fees must be reviewed for reasonableness. *See In re Food Etc.,LLC,* 281 B.R. at 85; *In re Pacific Sea Farms, Inc.,* 134 B.R. at 16.[2] The standard for reviewing the reasonableness of fees other than those of bankruptcy estate professionals is set forth generally in *Matter of First Colonial Corp of America.,* 544 F.2d 1291 (5th Cir. 1977). In *Hatcher v. Miller (In re Red Carpet Corp. of Panama City Beach),* 902 F.2d 883 (11th Cir. 1990), the United States Court of Appeals for the Eleventh Circuit Court adopted the *First Colonial* three-part test for determining the reasonableness of a fee. First, the bankruptcy court must ascertain the nature and extent of the attorney's services. 902 F.2d at 892. Then, the bankruptcy court must assess the value of the services rendered. *Id.* And finally, the bankruptcy court must briefly explain the findings on which the award is based, including a description of how each of the twelve *Johnson*[3] factors affected the decision. *Id.*

---

[2] The Bankruptcy Code imposes a reasonableness standard on attorney fees in a variety of circumstances where those fees will be paid in full by the estate. For example the standard is applied to claims of secured creditors, whether the claim arose pre-petition or post-petition, 11 U.S.C. §506(b), *Welzel v. Advocate Realty Investments, Inc. (In re Welzel)*, 275 F.3d 1308 (11th Cir. 2001); on estate professionals applying for compensation, 11 U.S.C. §330(a); and other professionals seeking compensation as an administrative expense, 11 U.S.C. §§ 503(b)(4) and 503(b)(5). It would be an anomaly to allow a landlord's professionals to be exempt from a reasonableness standard with respect to fees allowed as an administrative claim.

[3] *Johnson v. Georgia Highway Express,* 488 F.2d 714, 488 at 717-19. The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client (12) awards in similar case. Even if the Court were to apply a Florida standard of reasonableness, the criteria is virtually identical. *Bell v. U.S.B. Acquisition Co., Inc.,* 734 So. 2d 403 (Fla. 1999).

**II.     THE ATTORNEY FEE REQUEST**

The Court now considers which fees and expenses described in the Summary are authorized by the Attorney Fee Provision, and whether those fees and expenses are reasonable.

The Lease authorizes the Landlord to be paid fees and costs associated with collecting the rental, through "suit, distress or foreclosure." Some courts have held that, in the absence of a contractual provision specifically allowing fees arising within a bankruptcy case, such fees are not recoverable. *See, e.g., In re Ryan's Subs, Inc.,* 165 B.R. 465, 468 (Bankr. W.D. Mo. 1994)**.** However, this Court views such an approach as unnecessarily penal. By filing bankruptcy, a tenant/debtor prevents a landlord from continuing its collection efforts by "suit, distress or foreclosure," and shifts the venue of those collection (and where appropriate, enforcement) efforts to the bankruptcy court and the process and procedures dictated by the Bankruptcy Code and the bankruptcy rules. *See Temecula v. LPM Corp.(In re LPM Corp.),* 300 F.3d 1134, 1136-37 (9th Cir. 2002). Thus, this Court will not preclude recovery solely because "bankruptcy" is not specifically included in the Lease as a forum for collection.

However, in the Summary the Landlord seeks fees that fall outside the scope of collecting rent, and so are not recoverable by the Landlord from the Debtor at all. Moreover, some of the fees for which the Landlord seeks payment, while fitting within the description of fees recoverable under the Lease, are not reasonable, and therefore shall not be allowed as an administrative claim.

The Summary includes time billed by five attorneys, three of whom spent most of their time conferring with each other and reviewing the work performed by a fourth attorney who did most of the work associated with the filing and prosecution of the Motion. A fifth attorney did a small amount of work on the file. There are also fees associated with reviewing the Debtor's

8

Emergency Motion to Use Cash Collateral (the "Cash Collateral Motion"), a nine page document with a simple five page budget attached, which the Landlord's counsel analyzed in great detail.

While the Court recognizes there is some need by counsel to confer with one another and the client, the Court finds that the 9.7 hours, at a cost of three thousand five hundred forty-one dollars and fifty cents ($3541.50) billed by four of the attorneys is not reasonable. The Court finds that this amount should not exceed 1.5 hours, or six hundred dollars ($600.00) of the time spent by the person who appears to be the primary client attorney, which will adequately address the need for review of case status and client communication. The Court also finds that anything more than a cursory review of the Cash Collateral Motion, in order to determine its impact on the Motion, was unnecessary and not appropriately related to the Landlord's efforts to collect the rents; it was certainly unnecessary for anyone other than the primary counsel to review the Cash Collateral Motion. A total of .5 hours by the attorney responsible for the majority of the work, or one hundred thirty dollars ($130.00) is reasonable for review of the Cash Collateral Motion. There are other efforts not related to collection of rent, such as counsel's consideration of provisions relating to small business debtors and service on the committee. These miscellaneous entries, not already adjusted in this Order, are not compensable under the Lease.

Finally, the Court notes that the Landlord's counsel spent a total of 12.2 hours at a cost of two thousand nine hundred thirty-eight dollars ($2938.00) preparing, revising and filing the Motion.[4] Based on the other adjustments made, and recognizing that the Landlord sought different types of relief in the Motion, all of which appear to relate to collecting the rent, the Court will not reduce this last amount.

---

[4] This is only the time spent by the primary counsel; the Court has already addressed the time spent on this matter by the other four attorneys.

The total expenses incurred by Landlord's counsel was one hundred ninety-eight dollars and seventy-five cents ($198.75). The Court finds the charges reasonable.

### III. TIMING OF PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSES

The Landlord seeks immediate payment of its requested fees and expenses. While section 365(d)(3) requires the Debtor to "timely perform" all obligations, this Court finds that the obligations associated with the payment of attorney fees and expenses will be timely performed if paid on the earlier of assumption of the Lease (if applicable), or payment of other Chapter 11 administrative expenses.

Although this Court has ruled that certain of the fees and expenses requested by the Landlord are payable as an administrative expense of the bankruptcy estate, it does not follow that the Landlord is entitled to immediate payment of those fees and expenses, even though the Court has previously ordered the Debtor to make monthly rent payments to the Landlord in accordance with the Lease. "The determination of the timing of payment of administrative expenses is a matter within the discretion of the bankruptcy court." *Varsity Carpet Services, Inc. v. Richardson (In re Colortex Industries, Inc.)*, 19 F.3d 1371, 1384 (11th Cir. 1994); *In re Midway Airlines*, 406 F.3d at 242. Thus, while the language of section 365(d)(3) directs "timely performance," what is "timely performance" is dictated by the Bankruptcy Code, the underlying lease, and this Court's discretion based on the facts and circumstances of a particular case. *See Colliers on Bankruptcy* ¶ 503.03 (15th ed. rev. 2006).

There are some courts that have ruled that the instruction of section 365(d)(3) that the trustee "timely perform" the lease obligations means that payment of those obligations must be

immediate.[5]  However, a great majority of the courts have held that section 365(d)(3) does not confer super priority status on payments required by section 365(d)(3) and, therefore, a landlord's administrative claim arising pursuant to section 365(d)(3) should be paid at such time as other administrative claims are paid if the estate is, or could become, administratively insolvent.  *See, e.g., In re LPM Corp,* 300 F.3d at 1138; *In re Microvideo Learning Systems, Inc.,* 232 B.R. 602, 605 (Bankr. S.D.N.Y. 1999); *aff'd* 227 F.3d 474 (2d Cir. 2000); *In re Florida Lifestyle Apparel, Inc.,* 221 B.R. 897, 900 (Bankr. M.D. Fla. 1997).  This Court agrees with the reasoning of the majority of the courts that have addressed this issue.

Notwithstanding that the landlord is not entitled to a super priority claim, and must, ultimately, share *pari passu* with other administrative claimants, in exercising their discretion, many courts will allow the current payment of the section 365(d)(3) administrative expenses on an interim basis, subject, however, to disgorgement, should the case ultimately be unable to sustain payment in full of all administrative costs of the bankruptcy case.  *See, e.g., In re Homeowner's Outlet Mall Exchange, Inc.,* 89 B.R. 965 (Bankr. S.D. Fla. 1988).

One court, in a case involving an equipment lease,[6] held that where the debtor's cash position at the time was uncertain, there was no need to pay the lessor's fees and expenses immediately; payment of those expenses should wait until the court could assess the cash position of the estate with respect to all administrative expenses.  *In re Food Etc., LLC,* 281 B.R. at 88.

---

[5] For a comprehensive list of these opinions, at least through 1999, *see In re Microvideo Learning Systems, Inc.,* 232 B.R. 602 (Bankr. S.D. N.Y. 1999); *aff'd* 227 F.3d 474 (2d Cir. 2000).

[6] 11 U.S.C. §365(d)(10) requires a trustee, with respect to a personal property lease, to "timely perform" the obligations under that lease from and after the 60th day until assumption or rejection.

11

Conversely, in the case of *In re Exchange Resources, Inc.*, the bankruptcy court ruled that the landlord was entitled to immediate payment of allowed fees and expenses as part of the debtor's obligation of timely performance because the lease in question required payment of such costs "upon demand." 214 B.R. at 371. There did not appear to be an administrative insolvency issue or cash flow issue involved.

The Lease in this case does not include any provision directing the timing of payment of the costs of collecting the rent. Moreover, while the Debtor's current cash flow position is improving, it is still precarious. Accordingly, while the Court will continue to authorize payment of the monthly rent to the Landlord in accordance with the Lease, the Court will not authorize payment of that portion of the fees and expenses that make up the balance of the allowed administrative expense until such time as either the Lease is assumed, or the balance of Chapter 11 administrative expenses are paid.

## **CONCLUSION**

It is accordingly ORDERED AND ADJUDGED as follows:

1. The Landlord's request for payment of fees and expenses incurred by the Landlord to enforce the terms of the Lease is granted in part and denied in part.

2. The Landlord is awarded an administrative expense claim in the amount of three thousand five hundred thirty-eight dollars ($3,538.00) for fees and one hundred ninety-eight dollars and seventy-five cents ($198.75) for costs.

3. If the Lease is assumed, all fees and expenses incurred by the Landlord in collecting the rent,[7] including those awarded as an administrative claim, shall be included in the Lease cure amount required to be paid under 11 U.S.C. §365(b) in connection with assumption.

4. If the Lease is rejected, that portion of fees and expenses incurred by the Landlord in enforcement of the Lease which this Court did not award as part of the administrative claim will be included as part of the Landlord's rejection claim. The portion of the administrative claim that remains unpaid shall be paid with all other Chapter 11 administrative expenses in the manner provided by the Bankruptcy Code.

5. This Order is without prejudice to the Landlord's right to seek payment of fees and expenses incurred after September 7, 2006 so long as such request is consistent with the terms of the Lease and this Order.

# # #

Copy to:
Victoria Kothari, Esq.

*(Attorney Kothari shall mail a conformed copy of this Order upon all parties entitled to service and file with the Court a Certificate of Service)*

---

[7] Those fees that the Court finds were not incurred in connection with collection of rent ($1813.00) are not collectible from the Debtor according to the terms of the Lease and are disallowed.

13